# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 1:25-cv-01492-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR FAILURE TO NAME A PROPER RESPONDENT<br><br>[10-DAY DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition on November 4, 2025. (Doc. 1.) Upon review of the petition, the Court found that Petitioner had failed to name a proper respondent. Petitioner was granted leave to amend the respondent in order to avoid dismissal of the action. (Doc. 4.) Petitioner was granted thirty (30) days to comply. Over thirty (30) days have passed, and Petitioner has failed to comply or respond to the Court's order in any manner. Accordingly, the Court will recommend the petition be DISMISSED.

**DISCUSSION**

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having

1

1  custody of an incarcerated petitioner is the warden of the prison in which the petitioner is
2  incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v.</u>
3  <u>United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see also</u> <u>Stanley</u>, 21 F.3d at 360. However,
4  the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894;
5  <u>Stanley</u>, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is
6  his probation or parole officer and the official in charge of the parole or probation agency or
7  state correctional agency. <u>Id</u>.

   In this case, Petitioner named the State of California as the respondent. Petitioner was advised that the State of California was not a proper respondent. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u> <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976). The Court provided Petitioner with the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. <u>See</u> <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same). Petitioner failed to do so.

**ORDER**

The Clerk of Court is directed to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that this action be DISMISSED for Petitioner's failure to name a proper respondent.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. <u>Id</u>. The document should be captioned, "Objections to Magistrate Judge's Findings and

1 Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good
2 cause shown. The Court will not consider exhibits attached to the Objections. To the extent a
3 party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its
4 CM/ECF document and page number, when possible, or otherwise reference the exhibit with
5 specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by
6 the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C.
7 § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
8 may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th
9 Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth
10 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
11 Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **December 17, 2025**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE